IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICKIE DAVIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-011 |
| | ) | |
| CARL H. ROSEN, M.D.; | ) | |
| CHRISTY MAIDI, Support Personnel; | ) | |
| and CARL VINSON V.A.M.C., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned case on February 3, 2020, and because he is proceeding *pro se*, on February 4, 2020, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. nos. 1, 3.) The Court explained Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Doc. no. 3, pp. 1-2.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), he had ninety days from the complaint filing to accomplish service and that failure to accomplish service could result in dismissal of the case. (Id. at 2.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 5.)

In response, Plaintiff returned Proofs of Service indicating he variously served each Defendant personally and/or served an unidentified person designated to accept service of process on behalf of the Carl Vinson Veterans' Medical Center. (Doc. no. 6.) Plaintiff also wrote a letter to the Clerk of Court reiterating he served Defendants himself. (Doc. no. 7.) Although the Clerk of Court docketed the Proofs of Service as "Summons Returned Executed," as explained below, the documents do not show that summons have been returned executed or valid service has been accomplished.

First, as the Court explained in its February 4, 2020 Order, (doc. no. 3), to serve agencies, corporations, officers, or employees of the United States subject to service under Fed. R. Civ. P. 4(i), Plaintiff must deliver a copy of the summons and the complaint, via registered or certified mail, to (1) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia; (2) the Attorney General of the United States, Washington, D.C.; and (3) the officer or agency being sued. Fed. R. Civ. P. 4(i)(1)-(2). Although it is not entirely clear from the complaint, it appears all three Defendants - two individuals and the medical center run by the Veterans' Administration where Plaintiff had a medical procedure - are subject to service under Rule 4(i). The returned Proofs of Service do not establish compliance with Rule 4(i), as there is no indication Plaintiff served, via certified mail, the civil process clerk at the office of the United States Attorney for the Southern District of Georgia or the United States Attorney General. To the contrary, Plaintiff's Proofs of Service show that what process he did attempt to serve was all directed, and personally delivered by Plaintiff, to the Veterans' Medical Center in Dublin. (See doc. no. 6.)

Second, even if Plaintiff were suing either individual Defendant in a capacity other than as an employee of the United States, Rule 4(c)(1) and Rule 4(c)(2) state a summons

must be served with a copy of the complaint by any person who is at least eighteen years old and not a party to the case.  As both the Proofs of Service and Plaintiff's letter to the Clerk explain, Plaintiff attempted service himself.  (See doc. nos. 6, 7.)  Indeed, Plaintiff has affirmatively explained, "I did serve them myself."  (Doc. no. 7.)  Mr. Davis is the plaintiff in this case, and therefore he cannot properly effect personal service.  See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period.  The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service.  Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action.  Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.).  There is no indication any Defendant may be attempting to evade service.  To the extent the statute of limitations may bar a refiled action, based on the information in the complaint, the action may have been barred even at the time it was filed on February 3, 2020, because the events forming the basis of the complaint occurred on August 10, 2016.  See United States v. Kwai Fun Wong, 575 U.S. 402, 405 (2015) ("The Federal Tort Claims Act . . . provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." (citation omitted)); see also Giddens v. Lawson, 734 F. App'x 706, 710 (11th Cir. 2018) (*per curiam*) (applying Georgia's two-year statute of limitations to personal injury claim arising under Bivens v. Six Unknown Named Agents of the Fed.

Bureau of Narcotics, 403 U.S. 388 (1971)).  Nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely.

In sum, the responsibility for effecting service stands firmly with Plaintiff.  Despite having been provided with the information and tools needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")  The Court warned Plaintiff that failure to effect service within the ninety days allowed under Rule 4 could lead to dismissal of the entire case.  (See doc. nos. 3, 5.)  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendants.  See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 22nd day of May, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA